## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

YESSICA TRUJILLO, individually,
and as petitioning Personal Representative
of the Estate of Kayden S. Lopez, Deceased,
and as mother and natural Guardian of M.V.
a minor, K.L., a minor and A.L. a minor,

       CASE NO.:

      Plaintiffs,

vs.

RIVERSIDE TRANSPORTATION, INC.,
RIVERSIDE TRANSPORT, INC., a foreign
Corporations, and MICHAEL ANTHONY
LOCKLEAR,

       Defendants.

_____

### NOTICE OF REMOVAL

Defendants, RIVERSIDE TRANSPORTAION. INC. and RIVERSIDE TRANSPORT, INC., ("Defendants"), hereby give Notice of Removal of the above captioned action from the Circuit Court of the Third Judicial Circuit, in and for Hamilton County, Florida in which this action is now pending, to the United States District Court, Middle District of Florida Jacksonville Division, and respectfully represent as follows:

1.     On or about September 29, 2020, a Complaint was served on Defendants RIVERSIDE TRANSPORTAION. INC., and RIVERSIDE TRANSPORT, INC. The civil action entitled *YESSICA TRUJILLO, individually, and as petitioning Personal Representative of the Estate of Kayden S. Lopez, Deceased, and as mother and natural Guardian of M.V. a minor, K.L., a minor and A.L a minor,  v. RIVERSIDE TRANSPORTATION, INC., RIVERSIDE TRANSPORT, INC., a foreign corporation, and MICHAEL ANTHONY LOCKLEAR,* was commenced in the

Circuit Court, Third Judicial Circuit, in and for Hamilton County, Florida, and assigned Case number 2020-CA-41.   This action was filed in the Hamilton County Circuit Court on August 12, 2020.  (A copy of the Complaint, as well as all other materials contained within the underlying State Court file are attached hereto as **Exhibit "A"**).

2.      This action is properly removable pursuant to and this Notice of Removal is filed within the thirty (30) day statutory period for removal under 28 U.S.C. §1446(b).

3.      There is complete diversity of citizenship between the parties to this cause.  Plaintiff Yessica Trujillo is bringing claims individually, as well as on behalf of her deceased child Kayden Lopez, and her three minor children M.V., K.L., and A.L. At the time of the alleged accident, Plaintiff Yessica Trujillo and her minor children were citizens of the State of Georgia and were in the process of moving to Miami-Dade County, Florida. (See Complaint, ¶ 4).  At the time of the alleged accident, Defendant MICHAEL ANTHONY LOCKLEAR was a resident of Roberson County, North Carolina. (See Complaint ¶ 5). Defendant, RIVERSIDE TRANSPORT, INC., is a duly organized foreign corporation registered in Delaware and has its principle place of business in Kansas City, Kansas. (See **Exhibit "B,"** copy of business profile). Defendant, RIVERSIDE TRANSPORTATION, INC., is an Indiana corporation and subsidiary of Defendant RIVERSIDE TRANSPORT, INC., with its principal place of business located in Rockport, Indiana. (See **Exhibit "C",** copy of business profile). Under 28 U.S.C.A § 1332(c), a foreign corporation is deemed to be a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principle place of business."  See also, Riley v. Merrill Lynch, Pierce, Fenner and Smith, 292 F. 3d 1334, 1337-1338 (11th Cir. 2002). Accordingly, Defendant RIVERSIDE TRANSPORT, INC., is a citizen of Delaware and

Kansas; Defendant RIVERSIDE TRANSPORTATION, INC., is a citizen of Indiana; and Defendant MICHAEL ANTHONY LOCKLEAR is a citizen of North Carolina.

4.      This is a purported negligence action brought by the Plaintiffs against the Defendants.  As is expressly referenced in the Complaint, the Plaintiffs are seeking damages in excess of $30,000.00.  (See Complaint, ¶2).  Plaintiffs allege in their Complaint that they suffered serious bodily injuries and wrongful death as a result of Defendant LOCKLEAR's negligent operation of a vehicle, owned by Defendants RIVERSIDE TRANSPORT, INC. and RIVERSIDE TRANSPORTATION, INC., and that they have suffered damages including, without limitation:

    a.  Pain or suffering of Decedent's survivors;
    b.  Loss of society, companionship, guidance, and services of Decedent to the survivors;
    c.  Funeral expenses; and
    d.  Any other damages to which Plaintiff, survivors and/or beneficiaries may be entitled under applicable law.

(See Exhibit A ¶ 17).

6.      In determining the amount in controversy, where "Plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Gillinov v. Hillstone Restaurant Group, Inc., 92 F. Supp. 3d 1251, 1253-1254 (S.D. Fla. 2015).  The evidence that the Court can rely on is not limited in applying the preponderance of the evidence standard, and a defendant may use "their own affidavits, declarations, or other documentation – provided of course that removal is procedurally proper."  Pretka v. Kolter City Plaza, II, Inc., 608 F. 3d 744, 755 (11th Cir. 2010). "The Court may consider a pre-suit demand letter in determining whether the amount in controversy requirement is satisfied."  Gillinov, 92 F. Supp. 3d at 1254-1255.

7.      Prior to initiating the instant action, Plaintiffs 'counsel sent a time-limit demand letter to Defendants demanding that Defendants make payment of $1,000,000 to settle the claim.

(See **Exhibit "D,"** Demand Letter without enclosures).  The letter provides that the Plaintiffs'

damages will "easily and significantly exceed" the $1,000,000 demand. Further, the letter provides

specific information to support Plaintiffs' claims and is not mere puffery or posturing.  See

Filippone v. CP Clearwater, LLC, No. 8:18-cv-2503-T-33AAS, 2018 U.S. Dist. LEXIS 192075,

at *5 (M.D. Fla. Nov. 9, 2018).

8.      Since the Plaintiffs and Defendants are citizens of different states and the amount

in controversy exceeds $75,000.00, this Court has subject matter jurisdiction based on diversity

pursuant to 28 U.S.C §1332.  As such, this removal action is proper.

9.      Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action was

promptly served on Plaintiff's counsel, and a Notice of Filing Notice of Removal was filed with

the Clerk of the Circuit Court in and for Duval County, Florida.  (A copy is attached as **Exhibit

"E."**)

10.      Defendants have served the instant Notice of Removal on Plaintiffs' counsel on

October 19th, 2020.  Defendants have given consent to the removal and have timely filed a Notice

of Application for Removal with the Clerk of the Circuit Court of the Fourth Judicial Circuit.

11.      Accompanying this Notice of Removal is a Civil Cover Sheet as well as a check

for the required filing fee.

**WHEREFORE**, the undersigned Defendants respectfully requests that this action now

pending in the Third Judicial Circuit in and for Hamilton County, Florida, be removed from there

to this Honorable Court because of the complete diversity between the parties and the amount in

controversy that exceeds $75,000.00.

Dated:  October 19, 2020

/s/ L. Johnson Sarber, III
L. Johnson Sarber, III

Florida Bar No. 0104116
CARR ALLISON
The Greenleaf and Crosby Building
208 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone:  (904) 328-6456
Facsimile:   (904) 328-6473
Email:  jsarber@carrallison.com
Secondary Email:  asparks@carrallison.com
Secondary Email:  aabrown@carrallison.com
*Attorneys for Defendants Riverside Transport, Inc.*
*and Riverside Transportation, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of October, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide notice of electronic filing and a copy of the foregoing Notice of Removal to the following:

Jose A. Dapena,P.A.
5975 Sunset Drive
Miami, Florida 33143
Primary email: courtdocs@dapenalaw.com
Email: LRamos@dapenalaw.com
*Attorneys for Plaintiffs*

/s/ L. Johnson Sarber, III
L. Johnson Sarber, III
*Attorney for Defendants*

5