IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT IN AND
FOR HAMILTON COUNTY, FLORIDA

YESSICA TRUJILLO, individually,
and as petitioning Personal Representative
of the Estate of Kayden S. Lopez, Deceased,
and as mother and natural Guardian of M.V.
a minor, K.L., a minor and A.L. a minor,

CIVIL DIVISION

CASE NO.: *2020-CA-41*

     Plaintiffs,

v.

RIVERSIDE TRANSPORTATION, INC.,
RIVERSIDE TRANPORT, INC., a foreign
Corporations, and MICHAEL ANTHONY
LOCKLEAR,

     Defendants,

_____/

## COMPLAINT

Plaintiffs, YESSICA TRUJILLO, individually, and as petitioning Personal Representative of the Estate of Kayden S. Lopez, Deceased, and as mother and natural guardian of, M.V., (a minor), K.L. (a minor) and A.L. (a minor) brings this action against Defendants, RIVERSIDE TRANSPORTATION, INC., RIVERSIDE TRANSPORT, INC., and MICHAEL ANTHONY LOCKLEAR, for wrongful death and negligence and allege as follows:

### JURISDICTION AND VENUE

1.    This is an action in part for negligence and wrongful death damages based on Florida's Wrongful Death Act, section 768.16, Florida Statutes.

2.    The claims asserted herein are in excess of thirty thousand ($30,000.00) dollars exclusive of costs, interest and attorney's fees. The claims arise out of negligent acts of the Defendants and/or their agents or employees on February 13, 2020, in Hamilton County, Florida.

3.    Venue is appropriate in the Third Judicial Circuit of Florida because the Plaintiffs' causes of action accrued in Hamilton, within the Third Judicial Circuit of Florida.

## PARTIES

4.     At all times material, Plaintiff, YESSICA TRUJILLO, and the Deceased, Kayden S. Lopez, were residing in Georgia and in the process of moving to Miami-Dade County, Florida. Plaintiff, YESSICA TRUJILLO, is the mother of the Deceased, who was 4 years old on February 13, 2020, when he died as a result of the accident alleged herein, and of Plaintiffs, M.V., K.L. and A.L., who are all minor children. Plaintiff, YESSICA TRUJILLO, is or will be the duly appointed Personal Representative of the Estate of Kayden S. Lopez and brings this action under Florida's Wrongful Death Act on behalf of the Estate and all beneficiaries and all survivors.

5.     At all times material, Defendant, MICHAEL ANTHONY LOCKLEAR, was residing in Robeson County, North Carolina. At all times material Defendant, MICHAEL ANTHONY LOCKLEAR, was operating a 2020 Volvo Semi, Tag No. IN 2417810, VIN 4V4NC9EHXLN231774.

6.     At all times material, Defendant, RIVERSIDE TRANSPORTATION, INC. ("Riverside"), was and is an Indiana corporation with its principal place of business located in Rockport, Indiana. Riverside has appointed W. Todd Metzger, located at 10 W. Market Street, Suite 1400, Indianapolis, IN 46204, as its Registered Agent.

7.     At all times material, Defendant, RIVERSIDE TRANSPORT, INC. ("Riverside Transport"), was and is a corporation registered in Delaware and is registered as a foreign for-profit corporation in Kansas. Riverside Transport has appointed Cogency Global, Inc., located at 850 New Burton Road, Suite 201, Dover, DE 19904, as its Registered Agent.

8.     Upon information and belief, Riverside Transportation, Inc., owned, co-owned, leased, had access to, borrowed, controlled, and/or utilized a 2020 Volvo Semi, Tag No. IN 2417810, VIN 4V4NC9EHXLN231774, bearing its company name, to further its business purposes (the "Riverside Vehicle."). The Riverside Vehicle was operated by Michael Locklear, an agent or employee of Riverside Transportation, Inc., who was serving the business purposes of Riverside Transportation, Inc. at the time of the subject accident.

9.      Upon information and belief, Riverside Transport, Inc., owned, co-owned, leased, had access to, borrowed, controlled, and/or utilized a 2020 Volvo Semi, Tag No. IN 2417810, VIN 4V4NC9EHXLN231774, bearing its company name, to further its business purposes (the "Riverside Vehicle."). The Riverside Vehicle was operated by Michael Locklear, an agent or employee of Riverside Transport, who was serving the business purposes of Riverside Transport, at the time of the subject accident.

10.      All conditions precedent to this action have been satisfied, waived, or compliance deemed impossible.

## GENERAL ALLEGATIONS

11.      This action involves, for Kayden S. Lopez, a fatal accident, and for Yessica Trujillo, M.V., K.L., and A.L., her minor children, an accident resulting in considerable injuries that occurred on or about Thursday, February 13, 2020 at approximately 6:14 a.m., while in transit to Miami Dade County.

12. At that time, the Plaintiff, Yessica Trujillo was driving her vehicle, a 2018 Dodge Caravan, GA Tag RUA6613, VIN 2C4RDGBG6JR138390, (the "Dodge Van"), and Kayden S. Lopez, M.V., K. L., and A.L., her minor children, were passengers. The Dodge Van was travelling in the right lane southbound on I-75 at a location that was close to the entrance ramp to Agriculture Inspection Station N. 9B.

13. The Defendant driver, MICHAEL ANTHONY LOCKLEAR, was negligent in the manner that he operated and maintained the Riverside Vehicle, and breached the duty that he owed to the Plaintiffs and the decedent.  More specifically, the Defendant, MICHAEL ANTHONY LOCKLEAR, was negligent and/or grossly negligent by, inter alia, committing the following acts and omissions:

a.      Careless Driving.

b.      Improper lane change.

3

      c.      Failing to maintain a proper lookout.

      d.      Failing to maintain proper control of vehicle.

      e.      Improper passing.

      f.      Driving on the wrong side/way.

      g.      Driver distraction.

      h.      Failing to exercise ordinary care and due diligence in the operation of a motor vehicle.

      i.      Violating applicable statutes, ordinances, and regulations.

14. As a direct and proximate cause of the impact by the Dodge Van and the Riverside Vehicle, Kayden S. Lopez died.

15. As a direct and proximate cause of the impact by the Dodge Van and the Riverside Vehicle, Yessica Trujillo, and her minor children, M.V., K.L., and A.L. suffered serious injuries.

16. As a direct and proximate result of the negligence and other misconduct as alleged herein, Defendants are liable for all damages to which Plaintiff, Yessica Trujillo, and her minor children, M.V., K.L., and A.L., are entitled to under applicable law.

17. As a direct and proximate result of the negligence, wanton disregard for the safety of others,  and other misconduct as alleged herein, Defendants are liable for all damages to which Plaintiff, YESSICA TRUJILLO, as petitioning Personal Representative of Kayden S. Lopez, Deceased is entitled as applicable law may provide, including, but not limited to:

      a.      Pain or suffering of decedent Kayden S. Lopez's survivors;

      b.      Loss of society, companionship, guidance, and services of Decedent Kayden S. Lopez to the survivors;

      c.      Funeral expenses; and

      d.      Any other damages to which Plaintiff, survivors and/or beneficiaries may be entitled under applicable law.

<u>COUNT I</u>
<u>NEGLIGENCE-WRONGFUL DEATH (KAYDEN S. LOPEZ)</u>
<u>MICHAEL ANTHONY LOCKLEAR</u>
<u>(as to the Claim of Yessica Trujillo)</u>

Plaintiff, Yessica Trujillo, re-alleges the allegations set forth in paragraphs 1-17.

18. On February 13, 2020, Defendant, Michael Anthony Locklear, operated the Riverside Vehicle on I-75, southbound, in Hamilton County, Florida.

19. Defendant, Michael Anthony Locklear, was under a duty to operate the Riverside Vehicle in compliance with all applicable traffic rules and regulations and in a safe manner.

20. On February 13, 2020, Defendant, Michael Anthony Locklear, breached the applicable duty of care by failing to comply with applicable traffic rules and regulations and maintain control of the Riverside Vehicle so as not to cause harm to others.

21. As a direct and proximate result of the negligence of Defendant, Michael Anthony Locklear, Kayden S. Lopez died.

22. Plaintiff, Yessica Trujillo, has in the past suffered and will in the future continue to Suffer damages as a result of the death of Kayden S. Lopez.

WHEREFORE, Plaintiff, YESSICA TRUJILLO, prays for judgment against Defendant, MICHAEL ANTHONY LOCKLEAR, in an amount in excess of Thirty Thousand Dollars ($30,000.00), together with costs, interest, and any other relief that this Court may deem just and equitable.

<u>COUNT II</u>
<u>NEGLIGENCE-WRONGFUL DEATH (KAYDEN S. LOPEZ)</u>
<u>MICHAEL ANTHONY LOCKLEAR</u>
<u>(as to the Claim of MINOR CHILD, M.V.)</u>

Plaintiff, MINOR CHILD, M.V., re-alleges the allegations set forth in paragraphs 1-17.

23. On February 13, 2020, Defendant, Michael Anthony Locklear, operated the Riverside Vehicle on I-75, southbound, in Hamilton County, Florida.

24. Defendant, Michael Anthony Locklear, was under a duty to operate the Riverside Vehicle in compliance with all applicable traffic rules and regulations and in a safe manner.

25. On February 13, 2020, Defendant, Michael Anthony Locklear, breached the applicable duty of care by failing to comply with applicable traffic rules and regulations and maintain control of the Riverside Vehicle so as not to cause harm to others.

26. As a direct and proximate result of the negligence of Defendant, Michael Anthony Locklear, Kayden S. Lopez died.

27. Plaintiff, MINOR CHILD, M.V., has in the past suffered and will in the future continue to suffer damages as a result of the death of Kayden S. Lopez.

WHEREFORE, Plaintiff, MINOR CHILD, M.V., prays for judgment against Defendant, MICHAEL ANTHONY LOCKLEAR, in an amount in excess of Thirty Thousand Dollars ($30,000.00), together with costs, interest, and any other relief that this Court may deem just and equitable.

### COUNT III
### NEGLIGENCE-WRONGFUL DEATH (KAYDEN S. LOPEZ)
### MICHAEL ANTHONY LOCKLEAR
### (as to the Claim of MINOR CHILD, K.L.)

Plaintiff, MINOR CHILD, K.L., re-alleges the allegations set forth in paragraphs 1-17.

28. On February 13, 2020, Defendant, Michael Anthony Locklear, operated the Riverside Vehicle on I-75, southbound, in Hamilton County, Florida.

29. Defendant, Michael Anthony Locklear, was under a duty to operate the Riverside Vehicle in compliance with all applicable traffic rules and regulations and in a safe manner.

30. On February 13, 2020, Defendant, Michael Anthony Locklear, breached the applicable duty of care by failing to comply with applicable traffic rules and regulations and maintain control of the Riverside Vehicle so as not to cause harm to others.

31. As a direct and proximate result of the negligence of Defendant, Michael Anthony Locklear, Kayden S. Lopez died.

32. Plaintiff, MINOR CHILD, K.L., has in the past suffered and will in the future continue to suffer damages as a result of the death of Kayden S. Lopez.

WHEREFORE, Plaintiff, MINOR CHILD K.L., prays for judgment against Defendant, MICHAEL ANTHONY LOCKLEAR, in an amount in excess of Thirty Thousand Dollars ($30,000.00), together with costs, interest, and any other relief that this Court may deem just and equitable.

**COUNT IV**
**NEGLIGENCE-WRONGFUL DEATH (KAYDEN S. LOPEZ)**
**MICHAEL ANTHONY LOCKLEAR**
**(as to the Claim of MINOR CHILD, A.L.)**

Plaintiff, MINOR CHILD, A.L., re-alleges the allegations set forth in paragraphs 1-17.

33. On February 13, 2020, Defendant, Michael Anthony Locklear, operated the Riverside Vehicle on I-75, southbound, in Hamilton County, Florida.

34. Defendant, Michael Anthony Locklear, was under a duty to operate the Riverside Vehicle in compliance with all applicable traffic rules and regulations and in a safe manner.

35. On February 13, 2020, Defendant, Michael Anthony Locklear, breached the applicable duty of care by failing to comply with applicable traffic rules and regulations and maintain control of the Riverside Vehicle so as not to cause harm to others.

36. As a direct and proximate result of the negligence of Defendant, Michael Anthony Locklear, Kayden S. Lopez died.

37. Plaintiff, MINOR CHILD, A.L., has in the past suffered and will in the future continue to suffer damages as a result of the death of Kayden S. Lopez.

WHEREFORE, Plaintiff, MINOR CHILD, A.L., prays for judgment against Defendant, MICHAEL ANTHONY LOCKLEAR, in an amount in excess of Thirty Thousand Dollars

($30,000.00), together with costs, interest, and any other relief that this Court may deem just and equitable.

**COUNT V**
**NEGLIGENCE  MICHAEL ANTHONY LOCKLEAR**
**(as to YESSICA TRUJILLO)**

Plaintiff, YESSICA TRUJILLO, re-alleges the allegations set forth in paragraphs 1-17.

38. On February 13, 2020, Defendant, Michael Anthony Locklear, operated the Riverside Vehicle on I-75, southbound, in Hamilton County, Florida.

39. Defendant, Michael Anthony Locklear, was under a duty to operate the Riverside Vehicle in compliance with all applicable traffic rules and regulations and in a safe manner.

40. On February 13, 2020, Defendant, Michael Anthony Locklear, breached the applicable duty of care by failing to comply with applicable traffic rules and regulations and failed to maintain control of the Riverside Vehicle so as not to cause harm to others.

41. As a direct and proximate result of the aforesaid carelessness and negligence of Defendant, Michael Anthony Locklear, Plaintiff, Yessica Trujillo, was injured in and about her body and extremities, incurring pain, suffering, and mental anxiety; incurred medical costs and related expenses in the treatment of their injuries, loss of income and future wage earning capacity has been diminished; the injuries are of a permanent nature and will continue into the future.

42. Plaintiff, Yessica Trujillo, has in the past suffered and will in the future continue to suffer damages as a result of the subject accident.

WHEREFORE, Plaintiff, YESSICA TRUJILLO, prays for judgment against Defendant, MICHAEL ANTHONY LOCKLEAR, in an amount in excess of Thirty Thousand Dollars ($30,000.00), together with costs, interest, and any other relief that this Court may deem just and equitable.

**COUNT VI**
**NEGLIGENCE  MICHAEL ANTHONY LOCKLEAR**
**(as to MINOR CHILD M.V.)**

Plaintiff, MINOR CHILD M.V., re-alleges the allegations set forth in paragraphs 1-17.

43. On February 13, 2020, Defendant, Michael Anthony Locklear, operated the Riverside Vehicle on I-75, southbound, in Hamilton County, Florida.

44. Defendant, Michael Anthony Locklear, was under a duty to operate the Riverside Vehicle in compliance with all applicable traffic rules and regulations and in a safe manner.

45. On February 13, 2020, Defendant, Michael Anthony Locklear, breached the applicable duty of care by failing to comply with applicable traffic rules and regulations and failed to maintain control of the Riverside Vehicle so as not to cause harm to others.

46. As a direct and proximate result of the aforesaid carelessness and negligence of Defendant, Michael Anthony Locklear, Plaintiff, MINOR CHILD M.V., was injured in and about his body and extremities, incurring pain, suffering, and mental anxiety; incurred medical costs and related expenses in the treatment of their injuries,  the injuries are of a permanent nature and will continue into the future.

47. Plaintiff, MINOR CHILD, M.V., has in the past suffered and will in the future continue to suffer damages as a result of the subject accident.

WHEREFORE, Plaintiff, MINOR CHILD M.V., prays for judgment against Defendant, MICHAEL ANTHONY LOCKLEAR, in an amount in excess of Thirty Thousand Dollars ($30,000.00), together with costs, interest, and any other relief that this Court may deem just and equitable.

## COUNT VII
## NEGLIGENCE  MICHAEL ANTHONY LOCKLEAR
### (as to MINOR CHILD K.L.)

Plaintiff, MINOR CHILD K.L., re-alleges the allegations set forth in paragraphs 1-17.

48. On February 13, 2020, Defendant, Michael Anthony Locklear, operated the Riverside Vehicle on I-75, southbound, in Hamilton County, Florida.

49. Defendant, Michael Anthony Locklear, was under a duty to operate the Riverside Vehicle in compliance with all applicable traffic rules and regulations and in a safe manner.

50. On February 13, 2020, Defendant, Michael Anthony Locklear, breached the applicable duty of care by failing to comply with applicable traffic rules and regulations and failed to maintain control of the Riverside Vehicle so as not to cause harm to others.

51. As a direct and proximate result of the aforesaid carelessness and negligence of Defendant, Michael Anthony Locklear, Plaintiff, MINOR CHILD K.L., was injured in and about his body and extremities, incurring pain, suffering, and mental anxiety; incurred medical costs and related expenses in the treatment of their injuries,  the injuries are of a permanent nature and will continue into the future.

52. Plaintiff, MINOR CHILD, K.L., has in the past suffered and will in the future continue to suffer damages as a result of the subject accident.

WHEREFORE, Plaintiff, MINOR CHILD K.L., prays for judgment against Defendant, MICHAEL ANTHONY LOCKLEAR, in an amount in excess of Thirty Thousand Dollars ($30,000.00), together with costs, interest, and any other relief that this Court may deem just and equitable.

## COUNT VIII
### NEGLIGENCE  MICHAEL ANTHONY LOCKLEAR
### (as to MINOR CHILD A.L.)

Plaintiff, MINOR CHILD A.L., re-alleges the allegations set forth in paragraphs 1-17.

53. On February 13, 2020, Defendant, Michael Anthony Locklear, operated the Riverside Vehicle on I-75, southbound, in Hamilton County, Florida.

54. Defendant, Michael Anthony Locklear, was under a duty to operate the Riverside Vehicle in compliance with all applicable traffic rules and regulations and in a safe manner.

55. On February 13, 2020, Defendant, Michael Anthony Locklear, breached the applicable

duty of care by failing to comply with applicable traffic rules and regulations and failed to maintain control of the Riverside Vehicle so as not to cause harm to others.

56. As a direct and proximate result of the aforesaid carelessness and negligence of Defendant, Michael Anthony Locklear, Plaintiff, MINOR CHILD A.L., was injured in and about her body and extremities, incurring pain, suffering, and mental anxiety; incurred medical costs and related expenses in the treatment of their injuries,  the injuries are of a permanent nature and will continue into the future.

57. Plaintiff, MINOR CHILD, A.L., has in the past suffered and will in the future continue to suffer damages as a result of the subject accident.

WHEREFORE, Plaintiff, MINOR CHILD A.L., prays for judgment against Defendant, MICHAEL ANTHONY LOCKLEAR, in an amount in excess of Thirty Thousand Dollars ($30,000.00), together with costs, interest, and any other relief that this Court may deem just and equitable.

### COUNT IX
### NEGLIGENCE-WRONGFUL DEATH (KAYDEN S. LOPEZ)
### RIVERSIDE TRANSPORTATION, INC.
### (As to the Claim of YESSICA TRUJILLO)

Plaintiff, YESSICA TRUJILLO, re-alleges the allegations set forth in paragraphs 1-17.

58. On February 13, 2020, Defendant, Riverside, owned the Riverside Vehicle, which was operated and maintained by Defendant, Michael Anthony Locklear, as aforesaid.

59. Defendant, Riverside, had given express and implied consent or permission to Defendant, Michael Anthony Locklear, to operate and maintain the Riverside Vehicle and Defendant, Riverside had knowledge thereof; and any negligence on the part of Defendant, Michael Anthony Locklear, is imputed onto Defendant, Riverside, as said Defendant is vicariously liable.

60. On February 13, 2020, Defendant, Michael Anthony Locklear, breached the

applicable duty of care by failing to comply with applicable traffic rules and regulations and failed to maintain control of the Riverside Vehicle so as not to cause harm to others.

61. As a direct and proximate result of the aforesaid carelessness and negligence of Defendants, Riverside, Kayden S. Lopez, died.

WHEREFORE, Plaintiff, YESSICA TRUJILLO, prays for judgment against Defendant, RIVERSIDE TRANSPORTATION, INC., in an amount in excess of Thirty Thousand Dollars ($30,000.00), together with costs, interest, and any other relief that this Court may deem just and equitable.

**COUNT X**
**NEGLIGENCE-WRONGFUL DEATH (KAYDEN S. LOPEZ)**
**RIVERSIDE TRANSPORTATION, INC.**
**(As to the Claim of MINOR CHILD, M.V.)**

Plaintiff, MINOR CHILD, M.V., re-alleges the allegations set forth in paragraphs 1-17.

62. On February 13, 2020, Defendant, Riverside, owned the Riverside Vehicle, which was operated and maintained by Defendant, Michael Anthony Locklear, as aforesaid.

63. Defendant, Riverside, had given express and implied consent or permission to Defendant, Michael Anthony Locklear, to operate and maintain the Riverside Vehicle and Defendant, Riverside had knowledge thereof; and any negligence on the part of Defendant, Michael Anthony Locklear, is imputed onto Defendant, Riverside, as said Defendant is vicariously liable.

64. On February 13, 2020, Defendant, Michael Anthony Locklear, breached the applicable duty of care by failing to comply with applicable traffic rules and regulations and failed to maintain control of the Riverside Vehicle so as not to cause harm to others.

65. As a direct and proximate result of the aforesaid carelessness and negligence of Defendants, Riverside, Kayden S. Lopez, died.

WHEREFORE, Plaintiff, MINOR CHILD, M.V.,  prays for judgment against Defendant, RIVERSIDE TRANSPORTATION, INC., in an amount in excess of Thirty Thousand Dollars

($30,000.00), together with costs, interest, and any other relief that this Court may deem just and equitable.

**COUNT XI**
**NEGLIGENCE-WRONGFUL DEATH (KAYDEN S. LOPEZ)**
**RIVERSIDE TRANSPORTATION, INC.**
**(As to the Claim of MINOR CHILD, K.L.)**

Plaintiff, MINOR CHILD, K.L., re-alleges the allegations set forth in paragraphs 1-17.

66. On February 13, 2020, Defendant, Riverside, owned the Riverside Vehicle, which was operated and maintained by Defendant, Michael Anthony Locklear, as aforesaid.

67. Defendant, Riverside, had given express and implied consent or permission to Defendant, Michael Anthony Locklear, to operate and maintain the Riverside Vehicle and Defendant, Riverside had knowledge thereof; and any negligence on the part of Defendant, Michael Anthony Locklear, is imputed onto Defendant, Riverside, as said Defendant is vicariously liable.

68. On February 13, 2020, Defendant, Michael Anthony Locklear, breached the applicable duty of care by failing to comply with applicable traffic rules and regulations and failed to maintain control of the Riverside Vehicle so as not to cause harm to others.

69. As a direct and proximate result of the aforesaid carelessness and negligence of Defendants, Riverside, Kayden S. Lopez, died.

WHEREFORE, Plaintiff, MINOR CHILD, K.L.,  prays for judgment against Defendant, RIVERSIDE TRANSPORTATION, INC., in an amount in excess of Thirty Thousand Dollars ($30,000.00), together with costs, interest, and any other relief that this Court may deem just and equitable.

**COUNT XII**
**NEGLIGENCE-WRONGFUL DEATH (KAYDEN S. LOPEZ)**
**RIVERSIDE TRANSPORTATION, INC.**
**(As to the Claim of MINOR CHILD, A.L.)**

Plaintiff, MINOR CHILD, A.L., re-alleges the allegations set forth in paragraphs 1-17.

70. On February 13, 2020, Defendant, Riverside, owned the Riverside Vehicle, which was

operated and maintained by Defendant, Michael Anthony Locklear, as aforesaid.

71. Defendant, Riverside, had given express and implied consent or permission to Defendant, Michael Anthony Locklear, to operate and maintain the Riverside Vehicle and Defendant, Riverside had knowledge thereof; and any negligence on the part of Defendant, Michael Anthony Locklear, is imputed onto Defendant, Riverside, as said Defendant is vicariously liable.

72. On February 13, 2020, Defendant, Michael Anthony Locklear, breached the applicable duty of care by failing to comply with applicable traffic rules and regulations and failed to maintain control of the Riverside Vehicle so as not to cause harm to others.

73. As a direct and proximate result of the aforesaid carelessness and negligence of Defendants, Riverside, Kayden S. Lopez, died.

WHEREFORE, Plaintiff, MINOR CHILD, A.L., prays for judgment against Defendant, RIVERSIDE TRANSPORTATION, INC., in an amount in excess of Thirty Thousand Dollars ($30,000.00), together with costs, interest, and any other relief that this Court may deem just and equitable.

## COUNT XIII
## NEGLIGENCE  RIVERSIDE TRANSPORTATION, INC.
### (As to the Claim of YESSICA TRUJILLO)

Plaintiff, YESSICA TRUJILLO, re-alleges the allegations set forth in paragraphs 1-17

74. On February 13, 2020, Defendant, Riverside, owned the Riverside Vehicle, which was operated and maintained by Defendant, Michael Anthony Locklear, as aforesaid.

75. Defendant, Riverside, had given express and implied consent or permission to Defendant, Michael Anthony Locklear, to operate and maintain the Riverside Vehicle and Defendant, Riverside, had knowledge thereof; and any negligence on the part of Defendant, Michael Anthony Locklear, is imputed onto Defendant, Riverside, and said Defendants are vicariously liable.

76. On February 13, 2020, Defendant, Michael Anthony Locklear, breached the

applicable duty of care by failing to comply with applicable traffic rules and regulations and failed to maintain control of the Riverside Vehicle so as not to cause harm to others.

77. As a direct and proximate result of the aforesaid carelessness and negligence of Defendant, Michael Anthony Locklear, Plaintiff, Yessica Trujillo, was injured in and about her body and extremities, incurring pain, suffering, and mental anxiety; incurred medical costs and related expenses in the treatment of her injuries, loss of income and future wage earning capacity has been diminished; the injuries are of a permanent nature and will continue into the future.

WHEREFORE, Plaintiff, YESSICA TRUJILLO,  prays for judgment against Defendant, RIVERSIDE TRANSPORTATION, INC., in an amount in excess of Thirty Thousand Dollars ($30,000.00), together with costs, interest, and any other relief that this Court may deem just and Equitable.

## COUNT XIV
## NEGLIGENCE  RIVERSIDE TRANSPORTATION, INC.
### (As to the Claim of MINOR CHILD M.V.)

Plaintiff, MINOR CHILD M.V., re-alleges the allegations set forth in paragraphs 1-17

78. On February 13, 2020, Defendant, Riverside, owned the Riverside Vehicle, which was operated and maintained by Defendant, Michael Anthony Locklear, as aforesaid.

79. Defendant, Riverside, had given express and implied consent or permission to Defendant, Michael Anthony Locklear, to operate and maintain the Riverside Vehicle and Defendant, Riverside, had knowledge thereof; and any negligence on the part of Defendant, Michael Anthony Locklear, is imputed onto Defendant, Riverside, and said Defendants are vicariously liable.

80. On February 13, 2020, Defendant, Michael Anthony Locklear, breached the applicable duty of care by failing to comply with applicable traffic rules and regulations and failed to maintain control of the Riverside Vehicle so as not to cause harm to others.

81. As a direct and proximate result of the aforesaid carelessness and negligence

of Defendant, Michael Anthony Locklear, Plaintiff, MINOR CHILD, M.V., was injured in and about his body and extremities, incurring pain, suffering, and mental anxiety; incurred medical costs and related expenses in the treatment of his injuries; the injuries are of a permanent nature, and will continue into the future.

WHEREFORE, Plaintiff, MINOR CHILD M.V., prays for judgment against Defendant, RIVERSIDE TRANSPORTATION, INC., in an amount in excess of Thirty Thousand Dollars ($30,000.00), together with costs, interest, and any other relief that this Court may deem just and Equitable.

## COUNT XV
## NEGLIGENCE  RIVERSIDE TRANSPORTATION, INC.
### (As to the Claim of MINOR CHILD K.L.)

Plaintiff, MINOR CHILD K.L., re-alleges the allegations set forth in paragraphs 1-17.

82. On February 13, 2020, Defendant, Riverside, owned the Riverside Vehicle, which was operated and maintained by Defendant, Michael Anthony Locklear, as aforesaid.

83. Defendant, Riverside, had given express and implied consent or permission to Defendant, Michael Anthony Locklear, to operate and maintain the Riverside Vehicle and Defendant, Riverside, had knowledge thereof; and any negligence on the part of Defendant, Michael Anthony Locklear, is imputed onto Defendant, Riverside, and said Defendants are vicariously liable.

84. On February 13, 2020, Defendant, Michael Anthony Locklear, breached the applicable duty of care by failing to comply with applicable traffic rules and regulations and failed to maintain control of the Riverside Vehicle so as not to cause harm to others.

85. As a direct and proximate result of the aforesaid carelessness and negligence of Defendant, Michael Anthony Locklear, Plaintiff, MINOR CHILD, K.L., was injured in and about his body and extremities, incurring pain, suffering, and mental anxiety; incurred medical costs and related expenses in the treatment of his injuries; the injuries are of a permanent nature and will continue into the future.

WHEREFORE, Plaintiff, MINOR CHILD K.L., prays for judgment against Defendant, RIVERSIDE TRANSPORTATION, INC., in an amount in excess of Thirty Thousand Dollars ($30,000.00), together with costs, interest, and any other relief that this Court may deem just and Equitable.

**COUNT XX**
**NEGLIGENCE  RIVERSIDE TRANSPORTATION, INC.**
**(As to the Claim of MINOR CHILD A.L.)**

Plaintiff, MINOR CHILD A.L., re-alleges the allegations set forth in paragraphs 1-17

86. On February 13, 2020, Defendant, Riverside, owned the Riverside Vehicle, which was operated and maintained by Defendant, Michael Anthony Locklear, as aforesaid.

87. Defendant, Riverside, had given express and implied consent or permission to Defendant, Michael Anthony Locklear, to operate and maintain the Riverside Vehicle and Defendant, Riverside, had knowledge thereof; and any negligence on the part of Defendant, Michael Anthony Locklear, is imputed onto Defendant, Riverside, and said Defendants are vicariously liable.

88. On February 13, 2020, Defendant, Michael Anthony Locklear, breached the applicable duty of care by failing to comply with applicable traffic rules and regulations and failed to maintain control of the Riverside Vehicle so as not to cause harm to others.

89. As a direct and proximate result of the aforesaid carelessness and negligence of Defendant, Michael Anthony Locklear, Plaintiff, MINOR CHILD, A.L., was injured in and about her body and extremities, incurring pain, suffering, and mental anxiety; incurred medical costs and related expenses in the treatment of her injuries; the injuries are of a permanent nature and will continue into the future.

WHEREFORE, Plaintiff, MINOR CHILD A.L., prays for judgment against Defendant, RIVERSIDE TRANSPORTATION, INC., in an amount in excess of Thirty Thousand Dollars

($30,000.00), together with costs, interest, and any other relief that this Court may deem just and equitable.

### COUNT XXI
### NEGLIGENCE-WRONGFUL DEATH (KAYDEN S. LOPEZ)
### RIVERSIDE TRANSPORT, INC.
### (As to the Claim of YESSICA TRUJILLO)

Plaintiff, YESSICA TRUJILLO, re-alleges the allegations set forth in paragraphs 1-17.

90. On February 13, 2020, Defendant, Riverside Transport, owned the Riverside Vehicle, which was operated and maintained by Defendant, Michael Anthony Locklear, as aforesaid.

91. Defendant, Riverside Transport, had given express and implied consent or permission to Defendant, Michael Anthony Locklear, to operate and maintain the Riverside Vehicle and Defendant, Riverside Transport had knowledge thereof; and any negligence on the part of Defendant, Michael Anthony Locklear, is imputed onto Defendant, Riverside Transport, as said Defendant is vicariously liable.

92. On February 13, 2020, Defendant, Michael Anthony Locklear, breached the applicable duty of care by failing to comply with applicable traffic rules and regulations and failed to maintain control of the Riverside Vehicle so as not to cause harm to others.

93. As a direct and proximate result of the aforesaid carelessness and negligence of Defendant, Riverside Transport, Kayden S. Lopez, died.

WHEREFORE, Plaintiff, YESSICA TRUJILLO, prays for judgment against Defendant, RIVERSIDE TRANSPORT, INC., in an amount in excess of Thirty Thousand Dollars ($30,000.00), together with costs, interest, and any other relief that this Court may deem just and equitable.

### COUNT XXII
### NEGLIGENCE-WRONGFUL DEATH (KAYDEN S. LOPEZ)
### RIVERSIDE TRANSPORT, INC.
### (As to the Claim of MINOR CHILD, M.V.)

Plaintiff, MINOR CHILD, M.V., re-alleges the allegations set forth in paragraphs 1-17.

94. On February 13, 2020, Defendant, Riverside Transport, owned the Riverside Vehicle, which was operated and maintained by Defendant, Michael Anthony Locklear, as aforesaid.

95. Defendant, Riverside Transport, had given express and implied consent or permission to Defendant, Michael Anthony Locklear, to operate and maintain the Riverside Vehicle and Defendant, Riverside Transport had knowledge thereof; and any negligence on the part of Defendant, Michael Anthony Locklear, is imputed onto Defendant, Riverside Transport, as said Defendant is vicariously liable.

96. On February 13, 2020, Defendant, Michael Anthony Locklear, breached the applicable duty of care by failing to comply with applicable traffic rules and regulations and failed to maintain control of the Riverside Vehicle so as not to cause harm to others.

97. As a direct and proximate result of the aforesaid carelessness and negligence of Defendant, Riverside Transport, Kayden S. Lopez, died.

WHEREFORE, Plaintiff, MINOR CHILD, M.V., prays for judgment against Defendant, RIVERSIDE TRANSPORT, INC., in an amount in excess of Thirty Thousand Dollars ($30,000.00), together with costs, interest, and any other relief that this Court may deem just and equitable.

## COUNT XXIII
## NEGLIGENCE-WRONGFUL DEATH (KAYDEN S. LOPEZ)
## RIVERSIDE TRANSPORT, INC.
## (As to the Claim of MINOR CHILD, K.L.)

Plaintiff, MINOR CHILD, K.L., re-alleges the allegations set forth in paragraphs 1-17.

98. On February 13, 2020, Defendant, Riverside Transport, owned the Riverside Vehicle, which was operated and maintained by Defendant, Michael Anthony Locklear, as aforesaid.

99. Defendant, Riverside Transport, had given express and implied consent or permission to Defendant, Michael Anthony Locklear, to operate and maintain the Riverside Vehicle and

Defendant, Riverside Transport had knowledge thereof; and any negligence on the part of Defendant, Michael Anthony Locklear, is imputed onto Defendant, Riverside Transport, as said Defendant is vicariously liable.

100.    On February 13, 2020, Defendant, Michael Anthony Locklear, breached the applicable duty of care by failing to comply with applicable traffic rules and regulations and failed to maintain control of the Riverside Vehicle so as not to cause harm to others.

101.    As a direct and proximate result of the aforesaid carelessness and negligence of Defendant, Riverside Transport, Kayden S. Lopez, died.

WHEREFORE, Plaintiff, MINOR CHILD, K.L., prays for judgment against Defendant, RIVERSIDE TRANSPORT, INC., in an amount in excess of Thirty Thousand Dollars ($30,000.00), together with costs, interest, and any other relief that this Court may deem just and equitable.

### COUNT XIV
### NEGLIGENCE-WRONGFUL DEATH (KAYDEN S. LOPEZ)
### RIVERSIDE TRANSPORT, INC.
### (As to the Claim of MINOR CHILD, A.L.)

Plaintiff, MINOR CHILD, A.L., re-alleges the allegations set forth in paragraphs 1-17.

102.    On February 13, 2020, Defendant, Riverside Transport, owned the Riverside Vehicle, which was operated and maintained by Defendant, Michael Anthony Locklear, as aforesaid.

103.    Defendant, Riverside Transport, had given express and implied consent or permission to Defendant, Michael Anthony Locklear, to operate and maintain the Riverside Vehicle and Defendant, Riverside Transport had knowledge thereof; and any negligence on the part of Defendant, Michael Anthony Locklear, is imputed onto Defendant, Riverside Transport, as said Defendant is vicariously liable.

104.    On February 13, 2020, Defendant, Michael Anthony Locklear, breached the

applicable duty of care by failing to comply with applicable traffic rules and regulations and failed to maintain control of the Riverside Vehicle so as not to cause harm to others.

105.   As a direct and proximate result of the aforesaid carelessness and negligence of Defendant, Riverside Transport, Kayden S. Lopez, died.

WHEREFORE, Plaintiff, MINOR CHILD, A.L., prays for judgment against Defendant, RIVERSIDE TRANSPORT, INC., in an amount in excess of Thirty Thousand Dollars ($30,000.00), together with costs, interest, and any other relief that this Court may deem just and equitable.

### COUNT XXV
### NEGLIGENCE  RIVERSIDE TRANSPORT, INC.
#### (As to the Claim of YESSICA TRUJILLO)

Plaintiff, YESSICA TRUJILLO, re-alleges the allegations set forth in paragraphs 1-17.

106.   On February 13, 2020, Defendant, Riverside Transport, owned the Riverside Vehicle, which was operated and maintained by Defendant, Michael Anthony Locklear, as aforesaid.   Defendant, Riverside Transport, had given express and implied consent or permission to Defendant, Michael Anthony Locklear, to operate and maintain the Riverside Vehicle and Defendant, Riverside Transport, had knowledge thereof; and any negligence on the part of Defendant, Michael Anthony Locklear, is imputed onto Defendant, Riverside Transport and said Defendants are vicariously liable.

107.   On February 13, 2020, Defendant, Michael Anthony Locklear, breached the applicable duty of care by failing to comply with applicable traffic rules and regulations and failed to maintain control of the Riverside Vehicle so as not to cause harm to others.

108.   As a direct and proximate result of the aforesaid carelessness and negligence of Defendant, Michael Anthony Locklear, Plaintiff, Yessica Trujillo, was injured in and about her body and extremities, incurring pain, suffering, and mental anxiety; incurred medical costs

and related expenses in the treatment of her injuries, loss of income and future wage earning capacity has been diminished; the injuries are of a permanent nature and will continue into the future.

WHEREFORE, Plaintiff, YESSICA TRUJILLO,  prays for judgment against Defendant, RIVERSIDE TRANSPORT, INC., in an amount in excess of Thirty Thousand Dollars ($30,000.00), together with costs, interest, and any other relief that this Court may deem just and Equitable.

**COUNT XVI**
**NEGLIGENCE  RIVERSIDE TRANSPORT, INC.**
**(As to the Claim of MINOR CHILD M.V.)**

Plaintiff, MINOR CHILD M.V., re-alleges the allegations set forth in paragraphs 1-17.

109.   On February 13, 2020, Defendant, Riverside Transport, owned the Riverside Vehicle, which was operated and maintained by Defendant, Michael Anthony Locklear, as aforesaid.   Defendant, Riverside Transport, had given express and implied consent or permission to Defendant, Michael Anthony Locklear, to operate and maintain the Riverside Vehicle and Defendant, Riverside Transport, had knowledge thereof; and any negligence on the part of Defendant, Michael Anthony Locklear, is imputed onto Defendant, Riverside Transport and said Defendants are vicariously liable.

110.   On February 13, 2020, Defendant, Michael Anthony Locklear, breached the applicable duty of care by failing to comply with applicable traffic rules and regulations and failed to maintain control of the Riverside Vehicle so as not to cause harm to others.

111.   As a direct and proximate result of the aforesaid carelessness and negligence of Defendant, Michael Anthony Locklear, Plaintiff, MINOR CHILD M.V., was injured in and about his body and extremities, incurring pain, suffering, and mental anxiety; incurred medical costs and related expenses in the treatment of his injuries; the injuries are of a permanent nature and will continue into the future.

WHEREFORE, Plaintiff, MINOR CHILD M.V.,  prays for judgment against Defendant, RIVERSIDE TRANSPORT, INC., in an amount in excess of Thirty Thousand Dollars ($30,000.00), together with costs, interest, and any other relief that this Court may deem just and Equitable.

**COUNT XVII**
**NEGLIGENCE  RIVERSIDE TRANSPORT, INC.**
**(As to the Claim of MINOR CHILD K.L.)**

Plaintiff, MINOR CHILD K.L., re-alleges the allegations set forth in paragraphs 1-17.

112.   On February 13, 2020, Defendant, Riverside Transport, owned the Riverside Vehicle, which was operated and maintained by Defendant, Michael Anthony Locklear, as aforesaid.   Defendant, Riverside Transport, had given express and implied consent or permission to Defendant, Michael Anthony Locklear, to operate and maintain the Riverside Vehicle and Defendant, Riverside Transport, had knowledge thereof; and any negligence on the part of Defendant, Michael Anthony Locklear, is imputed onto Defendant, Riverside Transport and said Defendants are vicariously liable.

113.   On February 13, 2020, Defendant, Michael Anthony Locklear, breached the applicable duty of care by failing to comply with applicable traffic rules and regulations and failed to maintain control of the Riverside Vehicle so as not to cause harm to others.

114.   As a direct and proximate result of the aforesaid carelessness and negligence of Defendant, Michael Anthony Locklear, Plaintiff, MINOR CHILD K.L., was injured in and about his body and extremities, incurring pain, suffering, and mental anxiety; incurred medical costs and related expenses in the treatment of his injuries; the injuries are of a permanent nature and will continue into the future.

WHEREFORE, Plaintiff, MINOR CHILD K.L., prays for judgment against Defendant, RIVERSIDE TRANSPORT, INC., in an amount in excess of Thirty Thousand Dollars

($30,000.00), together with costs, interest, and any other relief that this Court may deem just and Equitable.

**COUNT XVIII**
**NEGLIGENCE  RIVERSIDE TRANSPORT, INC.**
**(As to the Claim of MINOR CHILD A.L.)**

Plaintiff, MINOR CHILD A.L., re-alleges the allegations set forth in paragraphs 1-17.

115.   On February 13, 2020, Defendant, Riverside Transport, owned the Riverside Vehicle, which was operated and maintained by Defendant, Michael Anthony Locklear, as aforesaid.   Defendant, Riverside Transport, had given express and implied consent or permission to Defendant, Michael Anthony Locklear, to operate and maintain the Riverside Vehicle and Defendant, Riverside Transport, had knowledge thereof; and any negligence on the part of Defendant, Michael Anthony Locklear, is imputed onto Defendant, Riverside Transport and said Defendants are vicariously liable.

116.   On February 13, 2020, Defendant, Michael Anthony Locklear, breached the applicable duty of care by failing to comply with applicable traffic rules and regulations and failed to maintain control of the Riverside Vehicle so as not to cause harm to others.

117.   As a direct and proximate result of the aforesaid carelessness and negligence of Defendant, Michael Anthony Locklear, Plaintiff, MINOR CHILD A.L., was injured in and about her body and extremities, incurring pain, suffering, and mental anxiety; incurred medical costs and related expenses in the treatment of her injuries; the injuries are of a permanent nature and will continue into the future.

WHEREFORE, Plaintiff, MINOR CHILD A.L., prays for judgment against Defendant, RIVERSIDE TRANSPORT, INC., in an amount in excess of Thirty Thousand Dollars ($30,000.00), together with costs, interest, and any other relief that this Court may deem just and Equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs demand trial by jury of all issues triable as of right by jury.

**JOSE A. DAPENA, P.A.**
Attorney for Plaintiffs
5975 Sunset Drive
Suite 102
Miami, FL 33143
T: (305) 662-4323
F: (305) 666-2839
Email: courtdocs@dapenalaw.com
           LRamos@dapenalaw.com

By: ___*/s/ Jose A. Dapena*___
      JOSE A. DAPENA, ESQ.
      FBN: 152358

